UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Blemaster,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Horatiu Cornelius Sabo, Rare Cornel Sabo, *et al.*,<br><br>　　　　Defendants. | 3:16-cv-04557 JWS<br><br>ORDER AND OPINION<br><br>[Re: Motion at Docket 16] |
| Horatiu Cornelius Sabo & Rare Cornel Sabo,<br><br>　　　　Counterclaimants,<br><br>　vs.<br><br>Michael Blemaster,<br><br>　　　　Counterdefendant. | |

## I.  MOTION PRESENTED

At docket 16, defendant Horatiu Cornelius Sabo moves pursuant to Federal Rule of Civil Procedure 12(c) for an order dismissing the complaint of plaintiff Michael Blemaster ("Blemaster").  Blemaster opposes at docket 18.  Sabo did not file a reply. Oral argument was not requested and would not assist the court.

## II. BACKGROUND

This action presents a dispute regarding the ownership of real property in Phoenix formerly owned by Ana Viorica Tataru ("Tataru"). Tataru executed a beneficiary deed in 2014 under which the property would be conveyed to her sons, defendants and counterclaimants Horatiu Cornelius Sabo ("Horatiu") and Rare Cornel Sabo ("Rare"), upon her death.[1] Tataru died on May 18, 2016.

Blemaster asserts that approximately two weeks before Tataru's death a company called RCU, Inc. ("RCU") entered into a $420,000 purchase option contract with Tataru.[2] RCU describes itself as a "licensed Arizona Real Estate agent who buys and sells property for a profit."[3] On May 3 an "affidavit and memorandum of agreement concerning real estate" executed by RCU and Tataru was recorded with Maricopa County Recorder's office.[4] Blemaster alleges that on May 15 he entered into a real estate purchase contract with RCU under which he acquired RCU's interest in Tataru's property for $490,000.[5]

Before these real estate transactions closed, Blemaster alleges that he "was informed that Horatiu was going back to Romania, and intended to wait a year before coming back to Arizona to decide whether to sell the Property to Blemaster."[6] On

---

[1] Doc. 1-3 at 49–50.

[2] *Id.* at 14–16.

[3] *Id.* at 14.

[4] *Id.* at 18.

[5] *Id.* at 20–23.

[6] Doc. 1-1 at 8 ¶ 13.

-2-

June 20, 2016, Blemaster filed this two-count action in the Arizona Superior Court seeking (1) specific performance of the purchase contract and (2) breach-of-contract damages.[7] Blemaster attached copies of the purported purchase contracts, among other documents, to his original complaint.

On September 28, 2016, Blemaster amended his complaint. His amended complaint contains the same two causes of action, but omits the documents that were attached as exhibits to the original complaint.[8] Blemaster explains that he removed the exhibits "because Defendants insisted upon personal service in Romania under the Hague Convention, which required costly translation of the pleadings being served into Romanian. The cost of translating all of the attachments to the original complaint would have greatly increased the cost of service."[9]

In December 2016 Horatiu and Rare removed the case to this court pursuant to 28 U.S.C. § 1332.[10] As required by 28 U.S.C. § 1446(a), they attached to their notice of removal all pleadings that were served on them in state court, including Blemaster's original complaint and the exhibits attached thereto. Horatiu and Rare then filed answers to Blemaster's amended complaint and asserted counterclaims for quiet title against him.[11] Blemaster has since filed his answers to the counterclaims.[12]

---

[7]Doc. 1-3 at 2–27.

[8]Doc. 1-2 at 6–16.

[9]Doc 18 at 3 n.1.

[10]Doc. 1.

[11]Doc. 4, 5.

[12]Doc. 7, 8.

## III. STANDARD OF REVIEW

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."[13] Because "Rules 12(b)(6) and 12(c) are substantially identical,"[14] a motion for judgment on the pleadings is assessed under the standard applicable to a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6).[15] Rule 12(b)(6) tests the legal sufficiency of a plaintiff's claims. In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[16] Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[17] "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[18]

To avoid dismissal, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face."[19] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[13]Fed. R. Civ. P. 12(c).

[14]*Strigliabotti v. Franklin Resources, Inc.*, 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005).

[15]*See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980).

[16]*Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

[17]*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

[18]*Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[19]*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

defendant is liable for the misconduct alleged."[20]  "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[21]  "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[22]  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[23]

In ruling on a Rule 12(c) motion, then, a court must "determine whether the facts alleged in the complaint, . . . taken . . . as true, entitle the plaintiff to a legal remedy."[24]  "If the complaint fails to articulate a legally sufficient claim, the complaint should be dismissed or judgment granted on the pleadings."[25]  A Rule 12(c) motion is thus properly granted when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law.[26]

## IV.  DISCUSSION

Horatiu's present motion essentially argues that Blemaster's amended complaint should be dismissed because Blemaster failed to attach copies of the two purchase

---

[20]*Id.*

[21]*Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

[22]*Id.* (quoting *Twombly*, 550 U.S. at 557).

[23]*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

[24]*Strigliabotti*, 398 F. Supp. 2d at 1097.

[25]*Id.*

[26]*Knappenberger v. City of Phoenix*, 566 F.3d 936, 939 (9th Cir. 2009).

agreements to that version of his complaint. This failure, Horatiu argues, renders Blemaster's allegations regarding the contracts implausible and "raises the presumption that written instruments supporting [Blemaster's] allegations as required under Arizona's statute of frauds do not exist."[27]

This motion borders on the frivolous. Rule 8(a) requires Blemaster to plead "a short and plain statement of the claim showing that [he] is entitled to relief." The amended complaint complies with this rule. Further, Horatiu is currently in possession of the very documents he suggests might not exist. The court can consider these documents when ruling on Horatiu's Rule 12(c) motion because their contents are alleged in the complaint and no party questions their authenticity.[28] Because the contracts alleged in Blemaster's amended complaint exist and are in Horatiu's possession, Horatiu's motion lacks merit.

## V. CONCLUSION

Based on the preceding discussion, the motion to dismiss at docket 16 is denied.

DATED this 17th day of May 2017.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT

---

[27] Doc. 16 at 5, 6.

[28] *See Shame on You Prods., Inc. v. Elizabeth Banks*, 120 F. Supp. 3d 1123, 1144 (C.D. Cal. 2015).