WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Michael Blemaster,

    Plaintiff,

v.

Horatiu Cornelius Sabo, et al.,

    Defendants.

No. CV-16-04557-PHX-JWS

**ORDER**

Plaintiff/Judgment Creditor Michael Blemaster has filed two motions for judgment debtor examinations of Floran Ivan and the law firm of Ivan & Kilmark, PLC ("Judgment/Debtors"). (Docs. 122, 123.) The Hon. John W. Sedwick, Senior District Judge, referred these motions to Magistrate Judge Bridget S. Bade. (128.) The motions for judgment debtor examinations seek testimony concerning the Judgment Debtors' ability to satisfy the $6,075.57 judgment entered in this Court on June 1, 2018, at Docket No. 117. (Docs. 122, 123.)

Judgment/Debtor Florin Ivan ("Ivan") has filed a response to the motion for judgment debtor examination seeking his testimony (Doc. 122) and argues that this Court entered a sanctions award against him in violation of his due process rights.[1] (Doc. 132 at 5-7.) Ivan also states that he has filed a notice of appeal to the Ninth Circuit from the judgment (*see id.* at 5, Doc. 130) and, therefore, the Court should deny the motion for a

---

[1] Ivan's response does not address the motion for judgment debtor examination seeking testimony of a representative of Ivan & Kilmark (Doc. 123), and refers only to a singular motion for a judgment debtor examination. (*See* Doc. 132 at 1, 5, and 7.)

judgment debtor examination seeking his testimony "until the Ninth Circuit renders a decision on the merits." (Doc. 132 at 7.) Ivan also objects to the request for production of documents served with the Order setting the Judgment Debtor Examinations. As set forth below, the Court rejects these arguments and reaffirms its Order setting the Judgment Debtor Examinations.

**I. The Court has Previously Rejected Judgment Debtor's Due Process Arguments and His Arguments to Stay Enforcement of the Sanctions Order Pending Appeal.**

In several filings, Ivan has argued that the Court's sanctions order was entered in violation of his due process rights. (Docs. 80, 88, 101.) The Court has rejected these arguments in several orders. (Docs. 87, 91, 115; *see also* Doc. 116 (rejecting defense attorneys' argument that the Court imposed sanctions without allowing them an opportunity to argue that their conduct was not sanctionable, and stating "[d]efense attorneys have already pressed this argument in many iterations of their refusal to pay.").)

The Court also rejected the argument that the defense attorneys were not required to pay the sanctions until final judgment was entered. (Doc. 87 at 2.) The Court explained that its sanctions order, under Rule 26(g)(3), is "immediately enforceable" and stated that after "an appealable final judgment has been entered, the attorney can file an appeal *to seek repayment*." (*Id.* (emphasis added) (citing *Cunningham v. Hamilton Cty., Ohio*, 527 U.S. 198, 211 (1999) (Kennedy, J., concurring) (explaining that the district court has discretion to delay payment of sanctions if a hardship is present)).) In subsequent orders, the Court stated that it had "clarif[ied] to [d]efense [a]ttorneys that they did in fact have to pay the discovery sanction and could not wait for a ruling on any potential appeal in this case." (Doc. 91 at 1; *see also* Doc. 116 at 2 (same).) The Court also denied the defense attorneys' motion to stay enforcement of the sanctions order pending appeal. (Doc. 115.)

Therefore, the Court finds that Ivan may not attempt to relitigate his objections to the Court's sanctions order in his response to the motion for a judgment debtor examination. The Court has already rejected these arguments and the Court's referral of

1 the motions for judgment debtor examinations to a magistrate judge does not provide a
2 basis for Ivan to attempt to reargue his objections. Indeed, the Court could reasonably
3 conclude that a party attempting to reargue previously-rejected positions when a matter is
4 referred to another judge for judgment collection is simply judge shopping.

**II. Judgment Debtor's Appeal from Final Judgment Does Not Support a Stay.**

Ivan also attempts to distinguish the current procedural posture of the case from its posture at the time the Court denied his motion to stay enforcement of the sanctions order. Ivan asserts that the Court denied the motion to stay enforcement of the sanctions order because the Ninth Circuit dismissed an interlocutory appeal. (Doc. 132 at 4 (quoting Doc. 115).) He states that the clerk has entered a final judgment, which he has appealed and, therefore, he argues that the enforcement of the sanctions order through collection of the judgment should be stayed pending resolution of the appeal. (*See id.* at 4-5.)

Ivan does not support any authority to support his argument that judgment collection should be stayed during an appeal. In contrast, the Judgment Creditor cites *In re Padilla*, 222 F.3d 1184 (9th Cir. 2000), in which the Ninth Circuit explained that "[a]bsent a stay or supersedeas, the trial court also retains jurisdiction to implement or enforce the judgment or order but may not alter or expand upon the judgment." *Id*. at 1190. Therefore, the Court concludes that Ivan's appeal from the final judgment does not provide a basis to stay judgment collection proceedings, including judgment debtor examinations.

**III. Judgment Debtor's Objections to the Request for Production are Insufficient.**

Ivan also makes generalized objections to the request for production of documents entered with the Order setting the Judgment Debtor Examination. (Doc. 132 at 7-9.) He objects that the requests are overbroad, unduly burdensome, and are not proportional to the needs of the case. He objects that he does not want to produce his financial records to the Judgment Creditor, who he describes as a "convicted fraudster."[2] He also objects that

---

[2] To the extent Ivan has verifiable concerns about providing financial records to the Judgment Creditor, he could resolve this issue by seeking an agreement or order that such

it would be overly burdensome for him to obtain his financial records because of his physical disabilities.[3]

The Court rejects these generalized objections because Ivan does not apply these objections to any specific request for production. Instead, it appears he is attempting to object to the request for production as a group, without identifying any objection to a particular request for production. These objections do not comply with Rule 34(b)(2)(B), which requires that, for each request for production, a party must state with specificity its grounds for objecting. Fed. R. Civ. P. 34 (b)(2)(B); *see also Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999) (explaining that generalized objections are inadequate) (citations omiited).

Finally, Ivan objects to Request No. 7 because he asserts that it seeks information about the identity of his clients and the nature of their payment obligations, which he asserts is protected by the attorney-client privilege. (Doc. 132 at 9.) He acknowledges that the request states that information may be redacted to protect any applicable attorney-client privilege, but he asserts, without explanation or citation to authority, that redacting the information would not protect privileged information. In contrast, the Judgment Creditor cites several cases to support its argument that the identity of clients and their fee arrangements are not privileged. (Doc. 136 at 3-4.) The Court need not resolve this issue to address the objection to Request No. 7. The Court rejects Ivan's objection because he has not explained, or even attempted to explain, why redacting information that he deems privileged would not be sufficient to protect any applicable

---

records shall be disclosed "for attorney eyes only." His attacks on the Judgment Creditor do not state a sufficient objection to responding to the Judgment Debtor Examination.

[3] Ivan asserts, without explanation, that responding to the Judgment Debtor Examination is outside the scope of his job and, therefore, his employer will not provide the assistance that he normally receives when litigating matters. However, Ivan is the named partner in his firm and therefore it appears that he is self-employed and has the authority to direct firm resources to assist him in this matter. Ivan also does not explain how responding to collection activities, for a judgment entered against him and the firm for conduct representing clients, is outside the scope of his job. Therefore, the Court rejects his argument that he cannot respond to the judgment debtor examination because of his physical disabilities.

- 4 -

attorney client privilege.  Therefore, the Court rejects Ivan's objection to Request No. 7.

Accordingly,

**IT IS ORDERED** that the Court's Order (Doc. 133) is **AFFIRMED**, and the Judgment Debtor Examinations set in that Order for August 22, 2018 will proceed.

**IT IS FURTHER ORDERED** that Judgment Debtor Florin Ivan's requests that the Court deny the motion for a judgment debtor examination, as set forth in his response to the motion seeking his testimony in a judgment debtor examination (Doc. 132), is **DENIED**.

**IT IS FURTHER ORDERED** that the Court rejects as insufficient Judgment Debtor Florin Ivan's objections to the requests for production included in the Order setting the Judgment Debtor Examinations.

Dated this 16th day of July, 2018.

_____
Bridget S. Bade
United States Magistrate Judge